UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JAMES ANDREW LOHNES,

Plaintiff,

v.

CAUSE NO.: 2:18-CV-445-JTM-JEM

MRS. JOHNSON and MRS. ARCHER,

Defendants.

**OPINION AND ORDER**

James Andrew Lohnes is a pretrial detainee in the Lake County Jail. Without a lawyer, he filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Lohnes alleges Mrs. Johnson yelled at him in early November 2018 in front of 36 other inmates because he was filing grievances and lawsuits. He alleges she threatened to punish those inmates by unnecessarily searching them to provoke them to attack

him. In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Lohnes is alleging Mrs. Johnson was trying to punish him. However, even "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Bell*). Either way, Lohnes has stated a claim against Ms. Johnson for attempting to provoke other inmates to attack him in violation of the Fourteenth Amendment.

Lohnes alleges he gave Mrs. Johnson two civil complaints in 2018 so they could be mailed to this court. He alleges he gave Mrs. Archer a civil complaint in July 2018 to be mailed to this court. He alleges he gave Officer Toth two letters to be mailed to the ACLU. He alleges none of them reached their destination. There are many reasons why mail may not reach its intended destination. Here, Lohnes has not plausibly alleged that any of these defendants personally prevented his mail from proceeding to its intended recipients. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

2

*Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Therefore, none of these allegations state a claim.

Lohnes alleges Mrs. Johnson tore up a copy of a docket sheet from one of his cases. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Ind. Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials'

3

accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Therefore, these allegations do not state a claim.

Lohnes alleges he has complained to several defendants about his missing mail. However, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). He alleges several defendants are supervisors at the jail. However, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Therefore, he has not stated a claim against Oscar Martinez, Jr., Michael Zenk, O'Connor, Menchaca, or Neary.

Lohnes names Jane Doe as a defendant, but "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore, Jane Doe must be dismissed.

Lohnes alleges his grievances are not properly handled. However, "the inadequacies of the grievance procedure . . . cannot form the basis for a constitutional claim." *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015). Therefore, these allegations do not state a claim.

For these reasons, the court:

(1) **GRANTS** James Andrew Lohnes leave to proceed against Mrs. Johnson in her individual capacity for compensatory damages for threatening to punish 36 other inmates by unnecessarily searching them to provoke them to attack him in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Oscar Martinez, Jr., Mrs. Archer, Michael Zenk, O'Connor, Menchaca, Neary, Toth, and Jane Doe;

(4) **DIRECTS** the Clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process with a copy of this order and the Complaint (DE # 1) on Mrs. Johnson at the Lake County Jail; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Mrs. Johnson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

                                        **SO ORDERED.**

Date: December 4, 2019

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT