UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JAMES ANDREW LOHNES,

    Plaintiff,

    v.

MRS. JOHNSON,

    Defendant.

CAUSE NO.: 2:18-CV-445-JTM-JEM

## OPINION AND ORDER

Mrs. Johnson, by counsel, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint filed by James Andrew Lohnes, an unrepresented pretrial detainee in the Lake County Jail, does not state a claim for which relief can be granted because he did not exhaust his administrative remedies as required by 28 U.S.C. § 1997e(a). (DE # 38.) Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Johnson argues that an attachment to the complaint proves that Lohnes did not exhaust. Specifically, Exhibit A to the complaint shows Grievance #027988253 was rejected because it "violate[d] the Lake County Jail Grievance Process." (DE # 1-2 at 2.) Johnson correctly argues that the failure to follow the grievance procedure rules results in the failure to exhaust the available remedies. *Ricardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

However, Exhibit A does not include the grievance procedure rules, so it is not possible to know whether this grievance was properly rejected. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting."). Nor does it show whether Lohnes filed and exhausted any other grievances related to the claims raised in this complaint.

For these reasons, the motion to dismiss (DE # 38) is **DENIED**.

**SO ORDERED.**

Date: February 7, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT