UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JAMES ANDREW LOHNES,

    Plaintiff,

    v.                                           No. 2:18 CV 445

MRS. JOHNSON,

    Defendant.

## OPINION AND ORDER

James Andrew Lohnes, a prisoner without a lawyer, filed a notice (DE # 29) objecting to Magistrate Judge John E. Martin's order (DE # 12) regarding payment of the filing fee due in this case. A magistrate judge's order is reviewed under Rule 72(a) of the Federal Rules of Civil Procedure, which grants magistrate judges great latitude in resolving non-dispositive matters, such as the one at issue here. Rule 72(a) provides, in relevant part:

> A party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). This is not such a case.

As an initial matter, Lohnes' objection is untimely. Judge Martin's order was docketed on April 16, 2019, and Lohnes' objection was not filed for over six months. Additionally, even if it had been timely filed, it fails substantively. Following a show cause order, to which Lohnes responded with a copy of his inmate ledger, Judge Martin determined that Lohnes had paid neither the initial partial filing fee of $14.95, nor 20% of the money deposited into his account for each month during which he received $10 or more, even though the ledger showed he had the funds to do so. (*See* DE ## 10, 11, 12.) As a result, Lohnes was ordered to pay 100% of his income until the arrearage he owed of $96.91 was paid off. (DE # 12.) Lohnes' only argument is that requiring him to remit 100% of his income is "irrational." (DE # 29 at 1.)

After review, the court finds that there is no clear error in Judge Martin's order that requires modification. The calculation of the arrearage was based on the materials Lohnes himself submitted and the court's financial accounts reporting system.[1] At the time Judge Martin issued his order, no payments had been transmitted to the court to be applied as payment for this case.[2] Judge Martin's decision to impose collection of the arrearage at the rate of 100% of the income received by Lohnes is supported by Seventh Circuit caselaw:

---

[1] With the exception of the month of December 2018, the calculations regarding the deposits made and payments owed are correct. (DE # 12 at 1.) According to the ledgers, there were two $20.00 deposits made in the month of December, so the payment owed by Lohnes for that month was actually $8.00 as opposed to $4.00. (DE # 11 at 5.) That said, since the mathematical miscalculation works out in Lohnes' favor, there is no need to modify Judge Martin's order.

[2] Since that time, however, a partial filing fee of $50.56 was received by the court on September 23, 2019 (DE # 22), so the arrearage subject to Judge Martin's order currently stands at $46.35.

> A prisoner who fails to ensure that the required sum is remitted in one month must make it up later; the statute does not allow deferral past the time when application of the formula would have produced full payment. If in a given month the prison fails to make the required distribution from the trust account, the prisoner should notice this and refrain from spending the funds on personal items until they can be applied properly.

*Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). Moreover, Judge Martin's order is limited in time and scope. It notes that, "once the arrearage is paid off, he may return to paying 20 percent of the money deposited into his inmate trust account for each month in which he receives ten dollars or more until he pays off the remaining balance of the filing fee." (DE # 12 at 2.) Accordingly, Judge Martin's order is neither overly broad nor irrational as Lohnes suggests, and his objection to it is denied.

Lohnes also filed a document entitled "Notice of Interlocutory Appeal" related to Judge Martin's order. (DE # 37.) In it, he makes no argument as to why an interlocutory appeal would be appropriate. Notably, this case is ongoing, and, at this time, Lohnes has no basis to appeal as a matter of right. *See* 28 U.S.C. §§ 1291; 1292(a). Therefore, the court construes this notice as a motion to certify Judge Martin's order (DE # 12) for interlocutory appeal under 28 U.S.C. § 1292(b).

The court may certify an order for appeal if it determines that the order "involves a controlling question of law, as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Seventh Circuit has recognized five requirements for interlocutory appeal:

> Interlocutory appeal is appropriate when (1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite

3

the resolution of the litigation, and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed.

*Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002) (citing *Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000)). Further, these criteria "are conjunctive, not disjunctive," meaning that "[u]nless *all* these criteria are satisfied, the district court may not and should not certify its order to [the Seventh Circuit Court of Appeals] for an immediate appeal under section 1292(b)." *Ahrenholz*, 219 F.3d at 676 (emphasis in original).

Here, Judge Martin's decision to impose a 100% collection rate on an arrearage amount is not the type of contestable question of law contemplated by 28 U.S.C. § 1292(b). Moreover, resolution of this issue will not expedite the litigation as a whole. Judge Martin's ruling related to the filing fee is not currently affecting the timeline of this case nor its ultimate disposition; the complaint has been screened, Lohnes has been granted leave to proceed on a Fourteenth Amendment claim against Mrs. Johnson. (*See* DE ## 31, 35.) Consequently, the court cannot certify Judge Martin's ruling for interlocutory appeal.

For these reasons, the objection (DE # 29) to Judge Martin's order (DE # 12) is **OVERRULED**, and the court **DECLINES** to certify this issue for interlocutory appeal.

**SO ORDERED.**

Date: February 24, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT