UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JAMES ANDREW LOHNES,

    Plaintiff,

    v.                                     CAUSE NO. 2:18-CV-00445-JTM-JEM

MRS. JOHNSON,

    Defendant.

OPINION AND ORDER

James Lohnes, a prisoner without a lawyer, is proceeding in this case "against Mrs. Johnson in her individual capacity for compensatory damages for threatening to punish 36 other inmates by unnecessarily searching them to provoke them to attack him in violation of the Fourteenth Amendment." ECF 31 at 5. Mrs. Johnson moved for summary judgment, arguing that Lohnes did not exhaust his administrative remedies at Lake County Jail before filing suit. ECF 74. Lohnes filed an amended response. ECF 167.[1] Mrs. Johnson filed a reply. ECF 169. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby,*

---

[1] The court granted Lohnes leave to file an amended response and informed him that "he must include every argument he wants the Court to consider when ruling on the summary judgment motion." ECF 141.

*Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Nevertheless, inmates are only

required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The Lake County Jail Inmate Handbook details the Grievance Procedure. It provides that, prior to filing a formal grievance, an inmate must:

> [M]ake every effort to identify and resolve the issue by contacting the Correctional Officer supervising your confinement section/pod. **This is the first and most important step of the Grievance Process**. If the Correctional Officer is unable to resolve the issue, then the Inmate must submit an electronic request to a specific department in an effort to resolve the issue. . . . The Departmental Staff will respond electronically to resolve your complaint. If you are dissatisfied with the response, then you may submit an Electronic Grievance Complaint. This grievance must be submitted within 72 hours of receipt of the departmental response.

ECF 76-2 at 38.

The record shows that, on October 30, 2018, Lohnes filed Grievance 027988253 complaining that Mrs. Johnson had yelled at him earlier that day in front of other inmates. ECF 76-9 at 1. On November 1, 2018, Sergeant Phyllis Leto rejected Grievance 027988253 for processing because Lohnes had not submitted an informal electronic request to the Sergeant's Office to attempt to resolve the issue prior to the submission of his formal grievance. *Id.* at 2; ECF 76-10 at 2. In her summary judgment motion, Mrs. Johnson argues that Lohnes did not exhaust his remedies because he did not submit an

informal electronic request to the Sergeant's Office prior to filing Grievance 027988253. ECF 75 at 4-5.[2]

Lohnes concedes that he did not submit an informal electronic request to the Sergeant's Office prior to filing Grievance 027988253. The court accepts that as undisputed. Instead, Lohnes argues that it was "electronically impossible" for him to do so because he already had submitted two electronic requests to the Sergeant's Office in October and there were "no more electronic request[s] available for" him to use. ECF 167 at 4, 20, 53. Lohnes explains that he is limited to submitting only two informal electronic requests to each department per month, and that he previously had submitted informal electronic requests to the Sergeant's Office on October 4, 2018 and October 10, 2018. *Id.* at 4-5, 53. Lohnes further asserts that the jail fails to forewarn prisoners that they are limited to submitting only two informal electronic requests per month. *Id.* at 10. Mrs. Johnson does not directly respond to these assertions. *See* ECF 169.

Here, the court accepts as undisputed that Lohnes was incapable of submitting an informal electronic request to the Sergeant's Office at the end of October. However, this does not excuse Lohnes' failure to exhaust his remedies, as the record shows that Lohnes could have submitted an informal electronic request to the Sergeant's Office at the beginning of November. Specifically, Lohnes filed Grievance 027988253 on October 30, 2018, complaining of an incident that had occurred earlier that day. ECF 76-9 at 1. Lohnes received a response to Grievance 027988253 on November 1, 2018, informing

---

[2] Mrs. Johnson also argues that Lohnes did not exhaust his remedies because he did not appeal the denial of Grievance 027988253, but the court need not reach this issue.

4

him that he needed to submit an informal electronic request to the Sergeant's Office before he could file a formal grievance. *Id.* at 2. Because a new month had begun, Lohnes was free at that point to submit an informal electronic request to the Sergeant's Office and then refile his formal grievance after he received a response.[3] Accordingly, because the record shows that Lohnes could have submitted an informal electronic request to the Sergeant's Office at the beginning of November, it is undisputed that the administrative process was available to Lohnes but that he did not exhaust his remedies.

Lohnes also argues that he did the "next best thing" to exhaust his remedies by contacting his unit supervisor and writing a letter to the warden, but the Grievance Procedure explicitly requires that Lohnes both contact his unit supervisor and then submit an informal electronic request to the relevant department. ECF 167 at 12, 20, 52; ECF 76-2 at 38. Thus, the undisputed evidence shows that Lohnes did not exhaust his administrative remedies against Mrs. Johnson. *See* ECF 76-2 at 38; *Pozo*, 286 F.3d at 1024.

For these reasons, the court GRANTS Mrs. Johnson's summary judgment motion (ECF 74) and DIRECTS the clerk to enter judgment for Mrs. Johnson and against James Lohnes.

**SO ORDERED.**

DATED: May 28, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[3] The Grievance Process permits an inmate to submit an electronic request within 72 hours of the date of the incident being grieved. ECF 76-2 at 38. Formal grievances must then be filed within 72 hours of receipt of the departmental response. *Id.* at 38-39.